UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TOM HICKE,                          | CASE NO. 09CV1343-MMA (NLS)                                        |
|---                                  |---                                                                 |
|         Plaintiff,                  | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**         |
|   vs.                               |                                                                    |
| MARAUDER CORPORATION,               | [Doc. No. 6]                                                       |
|         Defendant.                  |                                                                    |

Pending before the Court is Plaintiff's motion for default judgment against Defendant Marauder Corporation. (Doc. No. 6.)

### BACKGROUND

On June 22, 2009, Plaintiff Tom Hicke filed the above-captioned action against Defendant Marauder Corporation alleging violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788 *et seq.*, ("RFDCPA"), and invasion of privacy. (Doc. No. 1.) A certificate of service, filed on July 11, 2009, demonstrates timely substituted service of the summons and complaint upon Andrea Jost at Defendant's usual place of business in Sacramento, California, on June 30, 2009. (Doc. No. 3.)

On August 16, 2009, Plaintiff requested that the clerk enter default against the Defendant. (Doc. No. 4.) On August 17, 2009, the Clerk of Court entered default against the Defendant. (Doc. No. 5.) On October 2, 2009, Plaintiff filed the instant motion for default judgment, which he then served

by mail on Defendant at both its Sacramento and Indian Wells locations in California. (Doc. No. 6.) Plaintiff also filed and served a separate Notice of Hearing on the instant motion to Defendant at these locations. (Doc. No. 7.)

## LEGAL STANDARD

When a court is considering whether to enter a default judgment, it has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Kingvision Pay-Per-View v. Guzman*, 2009 WL 1475722, at *1 (N.D. Cal. 2009), quoting *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999). Pursuant to the Federal Rules of Civil Procedure 55(b)(2), a party may move the court for an entry of default judgment. The granting of a default judgment is within the discretion of the court. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986). The Court should consider the following factors when ruling on a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## DISCUSSION

Plaintiff has demonstrated to the Court's satisfaction that he properly served Defendant with process, and Defendant has failed to appear in this action. In addition, Defendant is operating a business within California, so the Court may exercise personal jurisdiction over its activity. Additionally, the Court has subject matter jurisdiction because Plaintiff's claims arise in part under a federal statute, the FDCPA.

The Court also finds that the complaint states the following claims for which relief can be granted: (1) the FDCPA, 15 U.S.C. § 1692a(3), (2) the RFDCPA, Cal. Civ. Code § 1788.2(h), and (3) invasion of privacy. The Complaint seeks actual damages, statutory damages, costs, and attorney's fees. In the motion for default judgment, Plaintiff requests that judgment be entered in the amount of $5,883.00, which represents the following:

    1.    Statutory damages in the amount of $2,000.00;

    2.    Attorney's fees in the amount of $3,498.00; and

1       3.     Costs in the amount of $385.00.

2     The Court notes that both the FDCPA and RFDCPA authorize a statutory penalty up to $1,000.00, as well as an award of fees and costs. *See* 15 U.S.C. § 1692k(a); Cal. Civ. Code § 1788.30. Based on the foregoing fact and the Plaintiff's submission, the Court finds that Plaintiff is entitled to the relief requested. There are no policy considerations that preclude the entry of default judgment of the type requested. *See Eitel*, *supra*, 782 F.2d at 1471–72. Accordingly, the Court hereby awards judgment in amount of **$5,883.00**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Tom Hicke's Motion for Default Judgment. (Doc. No. 6.) Judgment shall be entered against Defendant and a total of **$5,883.00** in damages shall be awarded to Plaintiff.

**IT IS SO ORDERED**.

DATED: December 1, 2009

Hon. Michael M. Anello
United States District Judge